UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CADS CONSTRUCTION, LLC** | **:** | **NO. 2:21-cv-00099** |
| **VERSUS** | **:** | **JUDGE TERRY A. DOUGHTY** |
| **MATRIX SERVICE, INC.** | **:** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Transfer Venue filed by defendant Matrix Service, Inc. ("Matrix"). Doc. 5. Matrix suggests that all relevant factors weigh in favor of transfer of this matter to the Northern District of Oklahoma pursuant to a forum selection clause, or in the alternative to the Southern District of Texas under 28 USC §1404(a), for the convenience of the parties and witnesses. Plaintiff CADS Construction, LLC ("CADS") opposes the motion. Doc. 14.

After considering Matrix's motion and memorandum in support (doc. 5), CADS's opposition memorandum (doc. 14), Matrix's reply (doc. 17), and CADS's surreply (Doc. 20), this court has determined that the Motion to Transfer should be **GRANTED** and this matter transferred to the Northern District of Oklahoma.

## I.
### BACKGROUND

Plaintiff CADS alleges that Defendant Matrix entered into an agreement (the "Subcontract") to act as a subcontractor for CADS on a construction project in LaPorte, Texas, and that, through delay, action and/or inaction, Matrix breached that agreement. Doc. 1, att. 1, pp

7-9. CADS describes the contracted work as involving the fabrication, welding, and installation of pipe at the Morgan Point Ethylene Tank Project at a facility owned by Enterprise Products Partners, L.P.'s ("Enterprise"). Doc. 14, p. 5. Matrix attaches the Subcontract, which identifies the Northern District of Oklahoma as the exclusive venue for any litigation arising from the Subcontract. Doc. 5, att. 1, p. 8. Although the Subcontract appears to be unsigned, neither party argues that the Subcontract is not binding because of missing signatures or other contractual defects.

Plaintiff CADS originally filed this matter in the Louisiana state court, in the 14th Judicial District Court for the Parish of Calcasieu. Doc. 1, att. 1, p. 1. CADS alleges that its principal place of business in in Sulphur, Louisiana, in the Western District of Louisiana. Doc. 1, att. 1, p. 1. In its original state court petition, CADS alleged that venue was proper in southern Louisiana because "Plaintiff's claims against Defendant arise out of an open account and contract executed in Calcasieu Parish and services under said contract and account originated from and were performed in Calcasieu Parish." Doc. 1, att. 1, p. 2.

The LaPorte worksite is within the geographic boundaries of the U.S. District Court for the Southern District of Texas. Doc. 5, att. 1. Defendant Matrix is a corporation organized under the laws of Oklahoma, with its principal place of business in Tulsa, Oklahoma, with an office in Houston, Texas. Doc. 5, att. 1, p. 5.

Matrix requests that this matter be transferred to the Northern District of Oklahoma, pursuant to the Subcontract's forum selection clause, or to the Southern District of Texas, for the convenience of the parties. CADS argues that the forum selection clause is invalid or void under Texas law, and CADS urges the court to deny Matrix's motion to transfer venue.

# II.
## ANALYSIS

### A. Transfer of venue to the Northern District of Oklahoma under 28 U.S.C. § 1404(a)

Matrix asks the court to enforce the forum selection clause under 28 U.S.C. § 1404(a). Doc. 5, att. 1, p. 8.[1] "Although a forum-selection clause does not render venue in a court "wrong" or "improper" within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)." *Atlantic Marine*, 134 S. Ct. at 579. "[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* This application involves a modification of the usual convenience analysis under 28 U.S.C. § 1404(a), but only "[w]hen the parties have agreed to a ***valid*** forum-selection clause" *Id.* at 581 & n. 5 (emphasis added) (noting that [o]ur analysis presupposes a contractually valid forum-selection clause").

### 1. *The validity of the forum selection clause*

Before proceeding with the modified convenience analysis described in *Atlantic Marine*, we must address CADS's argument that the forum selection clause in this matter is not valid. *Atlantic Marine* "did not answer under what law forum-selection clauses should be deemed invalid

---

[1] Matrix also invokes 28 U.S.C. § 1406(a) in a section heading, which requires transfer or dismissal when a matter has been filed in the "wrong division or district." To determine whether venue is "wrong" within the meaning of 28 U.S.C. § 1406(a), the court must consider whether venue is proper under 28 U.S.C. § 1391, without reference to whether the parties entered into a forum selection clause. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western District of Texas*, 134 S. Ct. 568, 577 (2013). Although the parties devote considerable attention to explaining the location and convenience of witnesses, neither party extensively discusses whether venue is either proper or improper in the Western District of Louisiana under 28 U.S.C. § 1391(b). Personal jurisdiction for the purposes of 28 U.S.C. § 1391(b)(1) must be analyzed at the district level where, as here, a state has more than one federal judicial district. 28 U.S.C.A. § 1391(d). There being little reference to record information on which to base a finding of residential or transactional venue specific to the Western District of Louisiana, we will consider Matrix to have waived the argument that venue is improper in the Western District of Louisiana and analyze the venue transfer request solely under 28 U.S.C. § 1404.

[ . . . ] an issue that has long divided courts."[2] *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016) (internal citations omitted)(citing *In re Union Elec. Co.*, 787 F.3d 903, 906-07 (8th Cir. 2015); *Lambert v. Kysar*, 983 F.2d 1110, 1116 & n.10 (1st Cir. 1993)).

CADS argues that the forum selection clause is null and void under Texas Business and Commerce Code § 272.001. Titled "Voidable Contract Provision," that statute states:

> (a) This section applies only to a construction contract concerning real property located in this state.
>
> (b) If a construction contract or an agreement collateral to or affecting the construction contract contains a provision making the contract or agreement or any conflict arising under the contract or agreement subject to another state's law, litigation in the courts of another state, or arbitration in another state, that provision is voidable by a party obligated by the contract or agreement to perform the work that is the subject of the construction contract.

Matrix does not address CADS's invalidity argument in its Reply brief, but Matrix notes in its original Memorandum in support that the applicable section of the subcontract calls for CADS to "waive[] any objection to venue, or lack of personal or subject matter jurisdiction in such Court." Doc. 5, att. 3, p. 19 (Subcontract Exh. 3, General Terms and Conditions, Clause 22.1). The forum selection clause reads as follows, and its key features are an Oklahoma choice of law provision, an Oklahoma forum provision, and a waiver of objections:

> The Subcontract shall be governed, interpreted and construed by and under the laws of the state of OKLAHOMA. Further, Subcontractor (a) agrees that any suit, action or legal proceeding arising out of or in connection with this agreement may be brought only in the state or federal courts having jurisdiction in Tulsa County, Oklahoma; (b) consents to the jurisdiction of such Court in any such suit, action or proceeding; and (c) thus waives any

---

[2] *Atlantic Marine* did not address the validity of a forum selection clause under the very statute at issue here, the lower court finding the statute inapplicable on other grounds. *U.S. ex rel. J-Crew Mgmt., Inc. v. Atl. Marine Const. Co.*, No. A-12-CV-228-LY, 2012 WL 8499879, at *3 (W.D. Tex. Aug. 6, 2012) (holding that section 272.001 does not apply to a construction project in Texas that took place entirely within the federal enclave of Fort Hood).

> objection to venue, or lack of personal or subject matter jurisdiction in such Court. Each party further acknowledges and agrees that the Subcontract, inclusive of this paragraph, has been negotiated at arm's length with the assistance of counsel and the legal effect fully explained and with knowing and voluntary agreement. The parties further agree that there shall be no presumption that any ambiguities in the Subcontract be construed against Contractor.

Doc. 5, att. 3, p. 19 (Subcontract Ex. 3, General Terms and Conditions, Clause 22.1). Returning to the question left unanswered by *Atlantic Marine*, we must consider whether we are dealing with a "valid" forum selection clause, where Texas Business and Commerce Code Annotated § 272.001 declares that clause "voidable," and CADS argues—without substantial support—that the clause has, in fact, been voided.[3]

In *Blue Racer Midstream, LLC v. Kelchner, Inc*., a federal court in Texas considering an Ohio provision banning forum selection clauses in construction contracts ultimately concluded that, "the proper place to consider the Ohio statute, if Ohio law even applies, is as a public interest factor under the venue transfer analysis. *Blue Racer Midstream, LLC v. Kelchner, Inc.*, 2018 U.S. Dist. LEXIS 27911, at *7 (N.D. Tex. Feb. 21, 2018). The *Blue Racer* court states:

---

[3] CADS argues that CADS had the right to—and did—provide notice of the invalidity of the clause by letter dated October 1, 2020, to Sam Smith of Matrix. Doc. 14, p. 6 (referencing Ex. A to Opposition, Doc. 14, att. 1, p. 3 (Letter from J. Andrishok, Taylor Porter, to S. Smith, Project Manager, Matrix Service, Oct. 1, 2020)). The court finds CADS's argument inadequately supported by the record. The letter attached as Exhibit A, sent by counsel for CADS to Matrix Project Manager Sam Smith, purports to place Matrix on notice that Matrix is in bad faith breach of the Subcontract and functions as a formal notice of default. Although it discusses the invalidity of certain contractual provisions, the letter contains no explicit reference to the forum selection clause. Doc. 14, att. 1. CADS also attaches a declaration of David Stutes (doc. 14, att. 2), which it argues confirms its intention to void the clause, Doc. 14, p. 6. The Declaration of Mr. Stutes states that,

> CADS believes the Oklahoma forum selection clause contained in the contract between CADS and Matrix is unlawful pursuant to Texas Business Commerce Code § 272.001 [ . . . ]

Finally, CADS points to the fact that it filed suit in Louisiana as evidence of its intent to void the clause. Doc. 14, p. 6. There is a scarcity of caselaw interpreting the term "voidable" in section 272.001, but the court concludes that this final argument would render the term "voidable" meaningless. By filing suit in Louisiana, CADS did not "void" the forum selection clause, CADS disregarded it.

> In diversity cases, courts apply federal law to the enforceability of forum-selection clauses. *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997). A party seeking to overcome the presumption that the forum-selection clause is enforceable must prove the clause is "unreasonable under the circumstances." *Id.* at 963. However, when the court must interpret the forum-selection clause, the court "applies the forum state's choice-of-law rules to determine which substantive law will apply." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016). The Fifth Circuit has not stated if federal or state law applies to determine whether a forum-selection clause is valid. *See Barnett*, 831 F.3d at 301-03.

The *Blue Racer* court reasoned that the parties in that case were not asking the court to interpret a contractual forum selection clause, which would involve the application of state substantive law. Neither were the parties asking the court to declare the forum selection clause unenforceable; instead, the party attacking the forum selection clause argued "a state law invalidates the forum-selection clause." *Blue Racer* 2018 U.S. Dist. LEXIS 27911, at *6. Considering Fifth Circuit and Supreme Court treatment of the question, the *Blue Racer* court concluded that "a state law prohibiting forum-selection clauses was not determinative in a motion to transfer but was a consideration under the balancing factors in the venue transfer analysis." *Id.* at *7 (citing *Barnett*, 831 F.3d at 302-03; *Stewart Org., Inc. v. Ricoh Corp.*, 108 S. Ct. 2239, 2245 (1988)).

*Blue Racer's* reasoning is consistent with the Supreme Court's treatment of Alabama law disfavoring forum selection clauses, the Court concluding that that "§ 1404(a) itself controls respondent's request to give effect to the parties' contractual choice of venue." *Stewart Org., Inc. v. Ricoh Corp.*, 108 S. Ct. 2239, 2243 (1988).

> Congress has directed that multiple considerations govern transfer within the federal court system, and a state policy focusing on a single concern or a subset of the factors identified in § 1404(a) would defeat that command. Its application would impoverish the flexible and multifaceted analysis that Congress intended to govern motions to transfer within the federal system. The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration (as Alabama law might have it), but rather the consideration for which Congress provided in § 1404(a).

*Id.* at 2244-45. Considering that *Atlantic Marine's* caution that only a "contractually valid forum-selection clause" triggers the modification of the usual convenience analysis under 28 U.S.C. § 1404(a), we conclude that the term "contractually valid" references a basis of invalidity arising from the contract itself or the manner in which it was confected, without reference to state law or policy disfavoring forum selection clauses.

The party attacking the forum selection clause bears a heavy burden of showing the clause is unreasonable. A forum-selection clause may be considered unreasonable if

> (1) the incorporation of the forum selection clause into the agreement was the product of the fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Van Rooyen v. Greystone Home Builders, LLC*, 295 F. Supp. 3d 735, 747 (N.D. Tex. 2018) (citing *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 615 (5th Cir. 2007); *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)). Although CADS insists that the Oklahoma forum will be inconvenient for all involved, and while that may be the case, the court finds that CADS has not borne the heavy burden of proving the forum selection clause unreasonable under the standard quoted above.

### 2. *Modified analysis under 28 U.S.C. § 1404(a)*

Because the Texas statute is the only basis under which CADS argues the forum selection clause is invalid, we find that the forum selection clause is "contractually valid" within the meaning of *Atlantic Marine*. This being so, we proceed to apply the modified Section 1404(a) analysis as prescribed by *Atlantic Marine*.

In a typical analysis under 28 U.S.C. § 1404(a) when there is no forum selection clause at issue, the court first determines whether the claim could have been brought in the transferee court. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008)("*Volkswagen II*"). If so, then "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought [ . . . ]" 28 U.S.C. § 1404 (a). This determination is made through an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 84 S. Ct. 805, 812 (1964). The convenience determination weighs several public and private interest factors. *Volkswagen II,* 545 F.3d at 315. This list is "not necessarily exhaustive or exclusive." *Haughton v. Plan Adm'r of Xerox Corp. Ret. Income Guarantee Plan*, 2 F. Supp. 3d 928, 936 (W.D. La. 2014) (quoting *Volkswagen II*, 545 F. 3d at 315). The private interest factors are:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* (citing *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir.2004)("*Volkswagen I*"). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* In a matter not involving a valid forum selection clause, movant bears the burden of showing "good cause" for the transfer, which means demonstrating, "that the transferee venue is clearly more convenient" than the plaintiff's chosen venue. *Id.* "This 'good cause' burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled" in matters not involving forum selection clauses. *Id.*

"The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Atlantic Marine*, 134 S. Ct. at 581. "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, the district court "should not consider arguments about the parties' private interests," focusing the analysis on public interest factors only. *Id.* at 582. Third, when a party files in a forum other than the one indicated in the forum selection clause, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules," meaning that "[t]he court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right." *Id.* at 583.

The Northern District of Oklahoma is a forum where this matter "might have been brought" within the meaning of 28 U.S.C. § 1404(a) because Matrix is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma, which is within the Northern District of Oklahoma. Doc. 5, att. 1, p, 9. Thus, venue would be proper there under 28 U.S.C. § 1391(b)(2).

*Atlantic Marine* instructs the court to disregard the private interest factors, which include considerations such as witness convenience that the parties briefed extensively, as the parties "have effectively waived their right to challenge the preselected forum." *Mendoza v. Microsoft, Inc.*, 1 F. Supp. 3d 533, 549 (W.D. Tex. 2014). The fact that neither party here argues that the Northern District of Oklahoma is the most convenient forum is therefore not relevant to the court's analysis. Further, "public interest factors rarely defeat the agreed upon forum because the party opposing the agreed-to forum must show the public interest factors 'overwhelmingly disfavor' that forum." *Blue Racer Midstream, LLC v. Kelchner, Inc.*, No. 3:16-CV-3296-K, 2018 WL 993781, at *3 (N.D. Tex. Feb. 21, 2018) (citing *Atlantic Marine*, 134 S. Ct. at 582–83).

Regarding the local interest in having localized interests decided at home, we conclude that this factor favors neither the Northern District of Oklahoma nor the Western District of Louisiana. "This factor seeks to uphold the ideal that '[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.'" *Haughton v. Plan Adm'r of Xerox Corp. Ret. Income Guarantee Plan*, 2 F. Supp. 3d 928, 937 (W.D. La. 2014) (citing *Volkswagen I*, 371 F.3d at 206). This factor generally favors the venue where the acts giving rise to the lawsuit occurred." *Van Rooyen v. Greystone Home Builders, LLC*, 295 F. Supp. 3d 735, 748 (N.D. Tex. 2018). Other than Louisiana's interest in a localized resolution of disputes involving Louisiana businesses, which is balanced by Oklahoma's corresponding interest, this factor does not weigh heavily in favor of either the Western District of Louisiana or the Northern District of Oklahoma.[4] This factor favors the Southern District of Texas to some extent because the construction took place in Texas and the Texas legislature disfavors forum selection clauses in certain construction projects. Texas Business and Commerce Code § 272.001. However, the question before the court is not whether the Texas forum is better or more convenient than the contractually-selected Oklahoma forum. Matrix argues for the convenience of the Southern District of Texas only in the alternative, should the court find the forum selection clause invalid. Doc. 5, att. 1, p. 6.

Regarding the familiarity of the forum with the law that will govern the case, the Subcontract contains a choice-of-law clause that provides that Oklahoma law governs. Doc. 5, att. 3, p. 19. CADS argues that Texas law may govern if this provision is deemed invalid, but this argument is mooted by today's findings. Doc. 14, p. 13. Although this court is capable of applying

---

[4] As an alternative to enforcing the forum selection clause, Matrix requests that this matter be transferred to the Southern District of Texas for the convenience of the parties and in the interest of justice. The

Oklahoma law, a court sitting in Oklahoma will have greater familiarity with Oklahoma law. *See Van Rooyen*, 295 F. Supp. 3d at 749.

Regarding administrative difficulties flowing from court congestion, the court finds this factor neutral, as the caseload statistics for the Northern District of Oklahoma and the Western District of Louisiana are similar.[5] The remaining factor involving the avoidance of unnecessary problems in conflict of law is not implicated by this matter.

## X.
### CONCLUSION

For the reasons discussed above and after careful consideration of the pleadings, the motion to transfer venue, the response and reply, the record and evidence in this case, and the arguments of the parties, the court has determined that the forum selection clause should be given effect, and the court therefore **GRANTS** the Motion to Transfer Venue. **IT IS ORDERED** that the above captioned matter be, and the same is hereby transferred to the U.S. District Court for the Northern District of Oklahoma.

**IT IS FURTHER ORDERED** that this Order shall be **STAYED** for a period of fourteen (14) days pending any appeal to the District Judge. If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the Clerk shall refer the action forthwith.

---

[5] *See* U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (March 31, 2021), https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2021/03/31-3.

THUS DONE AND SIGNED in Chambers this 12th day of October, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE